IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CORI LOPEZ, *et al.,* | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-03-2297 |
| | § | |
| THE CITY OF HOUSTON, *et al.,* | § | |
| | § | |
| Defendants. | § | |
| | § | |

# MEMORANDUM AND ORDER
# ON EXPERT WALLIS'S TESTIMONY

Defendants the City of Houston and C.O. Bradford have filed in this civil rights case a Motion to Strike the Affidavit of Linda J. Wallis [*Lopez* Doc. # 157] and a Renewed Motion [Doc. #165] on seeking the sam relief (collectively, "Defendants' Motion to Strike"). Plaintiffs have responded to Defendants' Motion [*Lopez* Doc. # 162] and Defendants have replied [*Lopez* Doc. # 164].[1] The Motion is ripe for decision. The Court has considered carefully the parties' briefing, the applicable authorities, and all matters of record. The Court concludes that Defendants' Motion

---

[1] In their Reply, Defendants also ask that the Court strike the affidavit of Marilyn Manning.

to Strike should be denied in part and granted in part without prejudice at this time.

Defendants argue that the medical diagnosis of post-traumatic stress disorder ("PTSD") allegedly caused by the events in issue is an opinion to which Wallis, a social worker, is not competent to testify. Defendants then argue that Wallis's affidavit contains a "collective history" of Plaintiffs which cannot be tested for accuracy. Finally, Defendants complain that Wallis's opinions are relevant only to Plaintiffs' claims of excessive force or custodial abuse. The Court is unpersuaded by these arguments.

Plaintiffs have the burden to demonstrate that the expert has expertise and specialized knowledge about the subjects on which he opines. Plaintiffs also must show that the expert's opinions are admissible as "relevant" and "reliable." Under the Federal Rules of Evidence, "a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify . . . in the form of an opinion or otherwise." FED. R. EVID. 702.[2]  The trial judge accordingly must determine as an

---

[2]  Rule 702 of the Federal Rules of Evidence, as effective since December 1, 2000 provides:

> If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods; and (3) the witness has applied the principles and methods reliably to the facts of the case.

initial matter whether the proffered witness is qualified to give the expert opinion he seeks to express. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 156-57 (1999). In other words, the Court must assess also "whether this particular expert ha[s] sufficient specialized knowledge to assist the jurors in deciding the particular issues in this case." *See Tanner v. Westbrook*, 174 F.3d 542, 548 (5th Cir. 1999) (quoting *Kumho Tire Co.*, 526 U.S. at 156); *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993).

The district judge must pre-screen each of the expert witness's proffered opinions to ensure that it complies with other requirements of Rule 702 of the Federal Rules of Evidence. *See Daubert,* 509 U.S. at 592-93. Expert testimony is admissible only (1) if it qualifies as scientific, technical or other specialized knowledge and (2) if it will assist the trier of fact to understand the evidence or resolve a disputed factual issue. *Kumho Tire Co.*, 526 U.S. at 147; *Daubert*, 509 U.S. at 589; *Pipitone v. Biomatrix*, 288 F.3d 239, 243-44 (5th Cir. 2002); *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 989 (5th Cir. 1997). In other words, the testimony must be reliable and relevant. *Pipitone*, 288 F.3d at 244-45; *Rodriguez v. Riddell Sports, Inc.*, 242 F.3d 567, 580-81 (5th Cir. 2001); *Tanner*, 174 F.3d at 546. Reliability need not be certain, but must be demonstrated by evidence that knowledge is more than speculation. *Daubert*, 509 U.S. at 590.

The Court must consider (1) the validity of the scientific principles used; (2) the accuracy of the data relied upon by the expert; and (3) the correctness of the application of the scientific principles to the relevant data. *See Watkins*, 121 F.3d at 989; *Marcel v. Placid Oil Co.*, 11 F.3d 563, 567 (5th Cir. 1994). *Daubert* established four factors to be considered in determining the reliability of proffered scientific evidence: (1) whether the theory or procedure has been subjected to testing; (2) whether it has been subjected to peer review and publication; (3) the rate of error and the existence of standards controlling the theory or procedure; and (4) whether it has attained general acceptance. *Watkins*, 121 F.3d at 989; *Pipitone*, 288 F.3d at 244. In resolving the admissibility and reliability of such testimony, the court must apply a "flexible" approach. *Id.* Generally, the court should "decide whether the factors mentioned in *Daubert* are appropriate, and then ascertain if other factors should be considered. *Black v. Food Lion*, 171 F.3d 308, 311-12 (5th Cir. 1999).

The purpose of the gate-keeping function of the court is to make sure that an expert "employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field" regardless of whether his testimony rests on personal experience or specialized studies. *Id.* at 152. The Court "must ensure [that] the expert uses reliable methods to reach his opinions; and [that] those opinions [are] relevant to the facts of the case." *Guy v. Crown Equipment Corp.*, 394 F.3d 320,

325 (5th Cir. 2004). The Supreme Court has reiterated that the expert's self-proclaimed accuracy is insufficient: "[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Kumho Tire Co.,* 526 U.S. at 157 (citing *General Elec. Co. v. Joiner,* 522 U.S. 136, 146 (1997)).

The Court has latitude in the method it chooses to decide whether an expert's testimony is reliable. *Id.* at 152. "Thus, whether *Daubert*'s specific factors are, or are not, reasonable measures of reliability in a particular case is a matter that the law grants the trial judge broad latitude to determine." *Id.* at 153.

The Court recognizes that causation opinions for forensic purposes sometimes are outside the ordinary realm of physicians, psychologists, and other specialists. The inquiry must be particularized to the case and the opinion in issue.

Defendants primarily argue that because Wallis is not a medical doctor, Wallis is not qualified to give what Defendants characterize as a medical opinion concerning PTSD, or to give a causation opinion that the condition was due to the events in issue in this litigation. *See* Defendants' Motion, at 1-2 (citing *Gutierrez v. Excel Corp.*, 106 F.3d 683, 689 (5th Cir. 1997); Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition ("DSM-IV")).

The Court concludes that a social worker is not *per se* unqualified to render

causation opinions regarding mental illnesses described in the DSM-IV. Defendants cite no legal authority that suggests that a social worker is incompetent to diagnose and opine on the likely cause of PTSD, and the Court's independent research could locate no such authority. Defendants' citation to *Gutierrez v. Excel Corp.* is unpersuasive. First, the PTSD diagnosis is not a "medical" diagnosis; it has significant mental and emotional components which are the realm of a social worker's expertise. Second, *Gutierrez* merely discusses generally the standard of proof of causation in a case involving physical injuries.[3] *Gutierrez* does not address what specialists may give opinions on conditions recognized in the DSM-IV.[4] Moreover, the Court can identify nothing in the excerpts from the DSM-IV cited by Defendants that supports Defendants' contention that the DSM-IV can only be utilized by medical doctors.

To the contrary, social workers routinely testify as experts in legal matters involving PTSD, without challenge to their qualifications in this regard. *See Rohan v. Networks Presentations LLC,* 375 F.3d 266, 273 (4th Cir. 2004) (relying on affidavit

---

[3] "An expert [medical] opinion 'must rest in reasonable medical probability' to constitute evidence of causation, and '[t]his rule applies whether the opinion is expressed in testimony or in a medical record.'" *Gutierrez*, 106 F.3d at 689 (citing *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 500 (Tex. 1995)). "Reasonable probability is determined by the substance and context of the medical opinion, and it does not turn on the use of a particular term or phrase." *Id.*

[4] Interestingly, the *Gutierrez* court recognized that there are certain circumstances when causation is so clear that no expert testimony is required. *See Gutierrez*, 106 F.3d at 689.

of therapist who diagnosed plaintiff with PTSD); *Silva v. Woodford,* 279 F.3d 825, 847 & n.17 (9th Cir. 2002) (relying on testimony of social worker, who stated that habeas plaintiff suffered from disorders including PTSD, to find that trial counsel was ineffective in presenting mitigating evidence at penalty phase of capital trial); *Boyko v. Parke,* 259 F.3d 781, 784 (7th Cir. 2001) (discussing evidence presented by social worker that habeas plaintiff had PTSD caused by childhood sexual abuse).

Wallis has a Masters of Science in Social Work degree from the University of Texas Graduate School of Social Work and has practiced for approximately forty years. She is licensed in Texas as a Master Social Worker-Advanced Clinical Practitioner, Professional Counselor, and Social Psychotherapist. Defendants have failed to articulate (other than the rejected argument that Wallis is not a physician) a persuasive reason why Wallis lacks the qualifications to opine on the cause of certain Plaintiffs' PTSD. The Court perceives nothing in the DSM-IV excerpts in the record to support Defendants' general argument. To the extent Defendants simply disagree with Wallis's conclusions concerning PTSD, the objection is overruled. Defendants may cross-examine Wallis at trial concerning these matters. The Court concludes that Wallis is qualified to diagnose characteristics of PTSD, a well-recognized psychological condition, and to give an opinion on the causes of the condition.

Defendants also argue that Wallis's opinions focus primarily on the conditions

of Plaintiffs' confinement, and is irrelevant to the issue of whether excessive force was used. The Court did not rely on Wallis's opinions in its Memorandum and Order issued July 25, 2005, deciding Defendants' summary judgment motion. Indeed, Plaintiffs' claims of excessive force and custodial abuse were dismissed from this case on grounds unrelated to Wallis's opinions.[5] Thus, to the extent Defendants contend the affidavit relates solely to the excessive force claims, the Motion to Strike is denied.

Defendants also complain that Wallis relies on a "conclusory collective history." To the extent that Defendants contend that the Court should strike from Wallis's affidavit her background summary of what occurred on the evenings in question, Defendants' Motion to Strike is denied. A general description of events is relevant to certain Plaintiffs' alleged PTSD.

The Court has concerns, however, about Wallis's conclusions. The Court cannot reliably determine from Wallis's affidavit whether she followed a proper methodology in making her diagnoses. It is necessary for Wallis to personally interview a plaintiff in order to render a diagnoses on that person. She must examine the experiences of each plaintiff individually concerning the events in question, and must also consider each plaintiff's psychological history (as related to her by the plaintiffs) and their

---

[5] *See* July 25, 2005 Memorandum and Order issued in *Lopez, et al. v. City of Houston, et al.*, at 65-66.

significant life experiences unrelated to the incidents in issue. It is unclear whether Wallis has conducted such interviews.[6] Because Wallis's affidavit contains no clear description of her methodology to establish it was consistent with practice in the field, Plaintiffs have not met their burden to demonstrate admissibility. However, the Court will permit Plaintiffs to submit an amended affidavit by Wallis setting out the methodology used and expressing opinions only on those Plaintiffs that Wallis has interviewed. This amended affidavit must be filed on or before September 12, 2005.

Finally, in their Reply, Defendants ask that the Court strike the affidavit of Marilyn Manning. Defendants complain that they have not been supplied with a copy of the document, and argue that it should be stricken as an *ex parte* communication with the Court. The Court cannot locate any Manning affidavit and it appears no such document been filed. The Court has not relied on the Manning affidavit in any respect. Thus, Defendants' Motion to Strike the Affidavit of Marilyn Manning is denied without prejudice at this time.

It is therefore

**ORDERED** that Defendants' Motions to Strike the Affidavit of Linda J. Wallis

---

[6] On page 44 of her unnumbered affidavit, Wallis states that "[t]he following plaintiffs were not available for a mental health interview, but did have statements reflecting their experience during the arrest." While this statement suggests Wallis interviewed the preceding individuals, her affidavit does not specifically address the issue, except as to Jose Reyes, the first Plaintiff she discusses (at page 4).

[*Lopez* Doc. # 157, #165] are **DENIED in part and GRANTED in part without prejudice.** Wallis must submit an amended affidavit on or before **September 12, 2005** clearly describing the methodology used to arrive at her conclusions for each Plaintiff on whom she gives opinions. It is further

**ORDERED** that Defendants' Motion to Strike the Affidavit of Marilyn Manning [Doc. # 164] is **DENIED without prejudice**.

SIGNED at Houston, Texas on this **12th** day of **August, 2005.**

_____
Nancy F. Atlas
United States District Judge